**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Case No. 21-81224-cv-MIDDLEBROOKS

KIMBERLY STEPHENS,
    Plaintiff,

v.

FRANKLIN FOODS, INC., *et al.*,
    Defendants.
_____/

**ORDER GRANTING DEFENDANT HOCHLAND SE'S MOTION TO QUASH**

THIS CAUSE is before the Court upon Defendant Hochland SE's Motion to Quash, filed on September 16, 2021. (DE 17). The Motion is fully briefed. (DE 24; DE 35). For the reasons explained below, Defendant's Motion is granted.

**BACKGROUND**

Plaintiff initiated this employment discrimination action against her former employer, Franklin Foods, Inc., and its parent company, Hochland SE, on July 12, 2021. (DE 1). On July 13, 2021, summons were issued as to both Defendants; the summons for Defendant Franklin Foods, Inc. was directed to an address in Tallahassee, Florida, and the summons for Defendant Hochland SE was directed to an address in Boca Raton, Florida. (DE 3). As to Defendant Hochland SE, on August 12, 2021, a Return of Service was issued indicating that service was completed on "Chauntel Purvis as Records Custodian of Hochland SE." (DE 24-1).

Defendant Hochland SE, a German corporation, has now moved to quash Plaintiff's service as improper because it did not comply with the mandates of the Hague Convention for service on foreign defendants. (DE 17 at 3). In support, Defendant Hochland SE asserts that (1) Chauntel Purvis is "not a registered agent, president, officer, director, cashier, treasurer, secretary, or general manager of Hochland" and, as such, "is not a representative to accept service of process on behalf of Hochland"; and, even if service on Purvis were proper, (2) the service documents were not

translated into German or otherwise served in the manner required by the Hague Convention. (*Id.* at 5). Plaintiff responds that service of process was proper because, under Florida law, service may be made on the agent of a nonresident defendant who does business in the state and Defendant Franklin Foods, Inc. is an agent of Defendant Hochland SE. (DE 24 at 2). Because I conclude that service on Defendant Hochland SE was required to, but did not, comply with the terms of Hague Convention, Defendant's Motion to Quash is granted.

## LEGAL STANDARD

"Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." *Hemispherx Biopharma, Inc. v. Johannesburg Consol. Invs.*, 553 F.3d 1351, 1360 (11th Cir. 2018) (quoting *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990)). Federal Rule of Civil Procedure 4(h), by reference to Rule 4(f), governs service of process on a foreign corporation defendant. Fed. R. Civ. P. 4(h)(2). Pursuant to Rule 4(f)(1), a plaintiff may serve a foreign corporation defendant "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Fed. R. Civ. P. 4(f)(1–2). In turn, Article 3 of the Hague Convention provides for service of process "through the Central Authority of the [signatory country]."

## DISCUSSION

Defendant Hochland SE is a foreign corporation headquartered in Heimenkirch, Germany. (DE 17 at 2). As a German corporation, Defendant Hochland SE argues that it must be served pursuant to the terms of the Hague Convention. (*Id.* at 4). Plaintiff does not dispute the fact that her service on Defendant Hochland SE did not comply with the requirements set forth in the Hague Convention; instead, Plaintiff argues that Franklin Foods, Inc. is an agent of Hochland SE and that service on an agent is permissible under Florida Statutes §§ 48.181(1) and 48.181(3). (DE 24 at

2). The Court agrees with Defendant Hochland SE that the Hague Convention applies in this case, and that Plaintiff's service on Defendant Hochland SE was insufficient.

Pursuant to Florida Statute § 48.181(c), if a nonresident defendant does business in the forum through "brokers, jobbers, wholesalers, or distributors," then service through such an entity is proper as service on an agent of process. Fla. Stat. § 48.181(3). But the Hague Convention "preempts inconsistent methods of service prescribed by state law in all cases to which it applies." *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 699 (1988). The Hague Convention applies when the Parties are citizens of signatory countries, and "where there is occasion to transmit a judicial . . . document for service abroad." Hague Convention, Art. 1. The Parties do not dispute that both the United States and Germany are signatories to the Hague Convention. Instead, Plaintiff argues that the Hague Convention does not apply because Defendant Franklin Foods, Inc. is an agent of Defendant Hochland SE for purposes of § 48.181 such that service on Defendant Hochland SE did not require transmission of a judicial document for service abroad because service could be made on Franklin Foods, Inc. in the United States. (DE 24 at 3). In support, Plaintiff points out that Defendant Franklin Foods, Inc. is a wholly owned subsidiary of Defendant Hochland SE and suggests that a series of email communications demonstrate that Defendant Hochland SE exercises a high degree of control over Defendant Franklin Foods, Inc. (*Id.*).

Florida state courts "have consistently held that statutes related to substituted service of process . . . must be strictly construed; and that the burden of proof to sustain the validity of substituted service of process rests upon the person seeking to invoke the provisions of such statutes." *Elmex Corp. v. Atlantic Fed. Sav. & Loan Ass'n*, 325 So.2d 58, 61 (Fla. 4th DCA 1976). That the party served within the United States is a wholly owned subsidiary of the defendant does not, by itself, support service under Florida Statute § 48.181. *See Volkswagenwerk Atkiengelselischaft v. McCurdy*, 340 So.2d 544, 546 (Fla. 5th DCA 1976) (concluding that "[t]he

fact that [the party served] is a wholly owned subsidiary . . . is insufficient, in and of itself" to permit service under § 48.181); *see also Mac Millan-Bloedel, Ltd. v. Canada*, 391 So.2d 749, 751 (Fla. App. 1980) (interpreting § 48.181 in the personal jurisdiction context). Rather, "[o]nly where there is a showing by plaintiff that the parent corporation exercised such a degree of control over its subsidiary that the activities of the subsidiary were in fact the activities of the parent within the state is substitute service of process permitted." *McCurdy*, 340 So.2d at 546.

Plaintiff has not satisfied this high burden. While the facts Plaintiff points to in her Response—*inter alia*, an email exchange copying Hochland SE employees on a message about a promotion at Franklin Foods, Inc., an email distributing Hochland SE's newsletter to Franklin Foods, Inc. employees, and emails from Franklin Food, Inc. representatives with Hochland SE's logo in the signature block—do establish that a relationship existed between Defendant Franklin Foods, Inc. and Defendant Hochland SE, Plaintiff has not come close to satisfying her burden of showing that the activities of Franklin Food, Inc., were actually the activities of Defendant Hochland SE. As such, Florida Statute § 48.181 does not apply and Plaintiff is obligated to effectuate service on Defendant Hochland SE pursuant to the Hague Convention.

Until Plaintiff has properly served Defendant Hochland SE, this case cannot proceed against that Defendant. *See Hemispherx Biopharma*, 555 F.3d at 1360. And although Defendant Franklin Foods, Inc. has been properly served, I find that it would be inefficient for this case to proceed against only that Defendant when all of the claims at issue here arise from a common set of facts. As such, this case shall be stayed and administratively closed as to all Defendants until proper service has been effectuated pursuant to the Hague Convention on Defendant Hochland SE. At that time, Plaintiff may move to reopen the case.[1]

---

[1] Plaintiff has requested a forty-five-day extension of time to serve Defendant Hochland SE. (DE 24 at 7). However, in this Court's experience, service via a Central Authority as required by the Hague Convention often takes much longer than forty-five days. Indeed the Hague Convention

## CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that:

(1) Defendant Hochland SE's Motion to Quash (DE 17) is **GRANTED**.

(2) Defendant Hochland SE's Motion to Stay Proceedings Pending Ruling on Hochland's Motion to Quash (DE 34) is **DENIED AS MOOT**.

(3) This case shall be **STAYED** and **ADMINISTRATIVELY CLOSED** pending proper service by Plaintiff on Defendant Hochland SE.

(4) Any Party may move to lift the stay once service of process on Defendant Hochland SE has been effectuated in accordance with this Order.

(5) During the pendency of the stay, all other pending motions in this matter shall be **DENIED AS MOOT.** If appropriate, such Motions may be re-filed and/or reinstated upon the reopening of this case.

**SIGNED** in Chambers, at West Palm Beach, Florida, this 10th day of November, 2021.

Donald M. Middlebrooks
United States District Judge

cc: Counsel of Record

---

website itself suggests that, for Germany, "the service of documents is usually processed within three months[.]" *See Germany – Central Authority & practical information*, HCCA, https://www.hcch.net/en/states/authorities/details3/?aid=257. While I appreciate Plaintiff's optimistic forty-five day request for extension of time to effectuate proper service, it seems likely that the process under the Hague Convention may take longer, and I am disinclined to have this case open and dormant on the court calendar while foreign service efforts are underway. Therefore I think it more prudent to stay the case at this time, rather than grant a fixed extension of the service of process deadline.